UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANN WOOD, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br>v.<br><br>AMERIHEALTH CARITAS SERVICES, LLC,<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT – CLASS AND COLLECTIVE ACTION** |

## PRELIMINARY STATEMENT

1.　This is a collective and class action brought by individual and representative Plaintiff Ann Wood ("Plaintiff"), on behalf of herself and all others similarly situated, to recover overtime pay from her employer AmeriHealth Caritas Services, LLC ("AmeriHealth Caritas" or "Defendant").

2.　Plaintiff brings this action (1) as an opt-in collective action on behalf of herself and all similarly situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and (2) as an opt-out Pennsylvania class action on behalf of herself and the putative class for violations of the state Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*

3.　Plaintiff's FLSA claim is asserted as a collective action under the FLSA, 29 U.S.C. § 216(b), while her PMWA claim is asserted as a class action under Federal Rule of Civil Procedure 23.

4.　The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant as a "Clinical Care Reviewer" (also known as prior-authorization or concurrent review nurses) or other similar positions during the applicable statutory period, and

1

whose primary job was to perform utilization review work, which consists of applying pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for coverage and payment purposes.

5. The putative "Pennsylvania Rule 23 Class" is made up of all persons who are or have been employed by Defendant as a Clinical Care Reviewer (also known as prior-authorization or concurrent review nurses) or other similar positions in Pennsylvania since December 14, 2019, and whose primary job was to perform utilization review work, which consists of applying pre-determined criteria and guidelines to authorization requests submitted by healthcare providers for coverage and payment purposes.

6. Defendant classifies its Clinical Care Reviewers and other similar positions, as "exempt" employees.

7. The Clinical Care Reviewers routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for their overtime hours.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

9. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims brought under the PMWA, 43 P.S. § 333.101, *et seq*.

10. Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked for Defendant in this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

11. Defendant AmeriHealth Caritas ("AmeriHealth Caritas" or "Defendant") is a foreign limited liability company with its principal place of business located at 200 Stevens Drive, Philadelphia, Pennsylvania 19113.

12. AmeriHealth Caritas is a subsidiary and/or an affiliate of AmeriHealth, Inc., a Pennsylvania corporation with its headquarters also located in Philadelphia, Pennsylvania.

13. AmeriHealth Caritas operates office locations in 12 states and the District of Columbia, including a location in Philadelphia, Pennsylvania.

14. AmeriHealth Caritas is a multi-line health insurance company that provides managed care programs and related services.

15. According to its website, AmeriHealth Caritas provides healthcare benefits to more than 5 million members nationwide and has more than 30 years of experience managing care for individuals and families in publicly-funded healthcare programs.

16. AmeriHealth Caritas operates in interstate commerce by, among other things, offering and selling a wide array of health, pharmacy, Medicaid services, behavioral health programs, and medical management products and services to customers and consumers in multiple states across the country, including Pennsylvania.

17. Upon information and belief, AmeriHealth Caritas' gross annual sales made or business done has been in excess of $500,000.00 at all relevant times.

18. At all relevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d). Defendant is also an "employer" under the PMWA, 43 P.S. § 333.103(g).

19. Plaintiff Ann Wood is an adult resident of Schuylkill County, Pennsylvania. Plaintiff has been employed by Defendant as a Clinical Care Reviewer from approximately November 2012 to the present.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

20. At all times relevant herein, AmeriHealth Caritas operated a willful scheme to deprive its Clinical Care Reviewers and others similarly situated of overtime compensation.

21. Plaintiff and the similarly situated individuals worked as Clinical Care Reviewers performing utilization reviews for Defendant. As Clinical Care Reviewers, Plaintiff and the putative class members' primary job duty was non-exempt work consisting of reviewing medical authorization requests submitted by healthcare providers against pre-determined guidelines and criteria for coverage and payment purposes.

22. Plaintiff and the similarly situated individuals were paid a salary with no overtime pay.

23. Plaintiff and the similarly situated individuals were classified as exempt from federal and state overtime laws.

24. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

25. For example, between November 8, 2021 and November 12, 2021, Plaintiff estimates that she worked approximately 49 hours and did not receive overtime pay for these overtime hours.

26. Defendant has been aware, or should have been aware, that Plaintiff and the putative class members performed non-exempt work that required payment of overtime compensation.

27. In August 2017, Ann Wood, on behalf of herself and individuals similarly situated, filed a lawsuit against Defendant for violating the overtime provisions under the FLSA and the PMWA in the United States District Court for the Eastern District of Pennsylvania. *See Wood v. AmeriHealth Caritas Servs., LLC*, No. 2:17-cv-03697-GJP (E.D. Pa.).

28. The district court in *Wood* granted conditional certification of the collective under the FLSA in May 2018. *Id.* (ECF No. 49.) The plaintiffs amended their complaint in May 2019 to add overtime claims under Iowa state law. *Id.* (ECF No. 106.)

29. After the parties resolved the case, the district court entered final judgment on April 10, 2020. *Id.* (ECF No. 129.)

30. Since the resolution of the *Wood* case, the primary job duties of Clinical Care Reviewers have not changed in such a way that would permit them to be lawfully classified as exempt from overtime pay under the FLSA or Pennsylvania law.

31. Defendant has employed licensed practical nurses ("LPNs") as Clinical Care Reviewers to conduct utilization reviews.

32. Defendant also required Plaintiff and the similarly situated to work long hours, including overtime hours, to complete all of her job responsibilities and meet Defendant's productivity standards.

33. Defendant knew that Plaintiff and other similarly situated individuals worked unpaid overtime hours because Plaintiff and others complained about their long hours and the workload.

34. Although it had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of the hours worked by Plaintiff and the similarly situated individuals.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiff and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

36.     Plaintiff files this action on behalf of herself and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) or other job titles performing similar duties for Defendant at any time since three years prior to filing of this Complaint..

37.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached hereto as Exhibit A.

38.     As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

39.     During the applicable statutory period, Plaintiff and the putative FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

40.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring its Clinical Care Reviewers and other similarly situated to work excessive hours and failing to pay them overtime compensation.

41.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the

issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## PENNSYLVANIA STATE LAW CLASS ACTION ALLEGATIONS

42. Plaintiff and the putative Pennsylvania Rule 23 Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

43. Plaintiff (as the class representative) files this action on behalf of herself and all similarly situated individuals pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The putative Pennsylvania Rule 23 Class is defined as follows:

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) or other job titles performing similar duties for Defendant in Pennsylvania at any time since December 14, 2019.

44. Members of the putative Pennsylvania Rule 23 Class are so numerous that joinder is impractical and inefficient. Upon information and belief, there are more than 40 members of the putative Pennsylvania Rule 23 Class. The identities of the members of the putative Pennsylvania Rule 23 Class may be ascertained from the files and records of Defendant.

45. There are common questions of law and fact affecting Plaintiff and members of the putative Pennsylvania Rule 23 Class, including but not limited to, whether Defendant misclassified Plaintiff and the putative Pennsylvania Rule 23 Class and unlawfully failed to pay them overtime compensation, whether Defendant failed to keep accurate time records for all hours worked, whether Defendant's actions were willful, and the proper measure of damages sustained by Plaintiff and the putative Pennsylvania Rule 23 Class members.

46. The claims of Plaintiff are typical of the claims of the putative Pennsylvania Rule 23 Class. Plaintiff shares similar job duties and responsibilities with other putative Pennsylvania Rule 23 Class members, and other putative Pennsylvania Rule 23 Class members worked unpaid

overtime hours. Plaintiff and the putative Pennsylvania Rule 23 Class were subject to Defendant's uniform policy and practice of improperly treating and classifying its Clinical Care Reviewers as "exempt" from wage and hour laws and failing to pay appropriate overtime compensation.

47. Plaintiff will fairly and adequately protect the interests of the putative Pennsylvania Rule 23 Class because her interests are not inconsistent with or antagonistic to the interests of members of the putative Pennsylvania Rule 23 Class. She has retained counsel experienced in complex wage and hour class and collective action litigation.

48. The prosecution of separate actions by individual members of the class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for Defendant in opposing the putative Pennsylvania Rule 23 Class and would substantially impair or impede the interest of other members of the putative Pennsylvania Rule 23 Class to protect their interests. Certification under Rule 23(b)(1) is appropriate.

49. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large corporate defendant. The members of the putative Pennsylvania Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common practices and uniform policies. The damages suffered by class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. Certification under Rule 23(b)(3) is appropriate.

50.     Plaintiff intends to send notice to all members of the putative Pennsylvania Rule 23 Class to the extent required by Fed. R. Civ. P. 23.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
(On Behalf of Plaintiff and the Putative FLSA Collective)

51.     Plaintiff and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

52.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

53.     Defendant suffered and permitted Plaintiff and the putative FLSA Collective to routinely work more than forty (40) hours in a workweek without overtime compensation.

54.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the putative FLSA Collective the required overtime compensation.

55.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the putative FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the putative FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

56.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the putative FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

57. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

### COUNT II – OVERTIME VIOLATIONS UNDER PENNSYLVANIA STATE LAW
### The Pennsylvania Minimum Wage Act, 43 P.S. § 333.101, *et seq.*
### (On Behalf of Plaintiff and the Putative Pennsylvania Rule 23 Class)

58. Plaintiff and the putative Pennsylvania Rule 23 Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

59. At all times relevant to this action, Plaintiff and the putative Pennsylvania Rule 23 Class were employees of Defendant within the meaning of the PMWA and entitled to its protections. *See* 43 P.S. § 333.103(h).

60. Defendant is an employer covered by the PMWA. *See* 43 P.S. § 333.103(g).

61. The PMWA entitles employees to overtime compensation at a rate of not less than one and one-half times the employee's regular rate for hours worked in excess of forty in a workweek. *See* 43 P.S. § 333.104(c).

62. Defendant violated the PMWA by routinely failing to compensate Plaintiff and the putative Pennsylvania Rule 23 Class for hours worked in excess of forty (40) in a workweek, and with respect to such hours, failing to compensate Plaintiff and the putative Pennsylvania Rule 23 Class based upon the overtime premium rate of one and one-half times their regular rate of pay.

63. Plaintiff and the putative Pennsylvania Rule 23 Class seek damages in the amount of their underpayments based on Defendant's failure to pay wages due pursuant to the PMWA, and such other legal and equitable relief from Defendant's unlawful conduct as the Court deems just and proper.

64.     Plaintiff and the putative Pennsylvania Rule 23 Class also seek recovery of all attorneys' fees, costs, liquidated damages, pre-judgment interest, and expenses of this action that are available under the PMWA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the putative FLSA Collective, prays for judgment against Defendant as follows:

- A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

- B. A finding that Plaintiff and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

- C. A finding that Defendant violated the overtime provisions of the FLSA;

- D. Judgment against Defendant in the amount of Plaintiff's and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

- E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

- F. An award of attorneys' fees and costs incurred in prosecuting this action;

- G. Leave to add additional plaintiffs and/or state law claims on individual or class-wide basis by motion, the filing of written consent forms, or any other method approved by the Court; and

- H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, Plaintiff, on behalf of herself and the Pennsylvania Rule 23 Class, prays for relief as follows:

- A. Certification of this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the putative Pennsylvania Rule 23 Class;

B.  A finding that Plaintiff and the putative Pennsylvania Rule 23 Class are non-exempt under the PMWA;

C.  A finding that Defendant violated the overtime provisions of the PMWA;

D.  Judgment against Defendant in the amount of Plaintiff's and the putative Pennsylvania Rule 23 Class's unpaid back wages at the applicable overtime rates;

E.  All damages, civil penalties, liquidated damages, pre-judgment interest, and post-judgment interest;

F.  All costs and attorneys' fees incurred in prosecuting this claim; and

G.  All further relief as the Court deems just and equitable.

DATED: November 30, 2021                          **SCHALL & BARASCH, LLC**

/s/ *Patricia A. Barasch*
Patricia Barasch, PA Bar No. 70073
Moorestown Office Center
110 Marter Avenue, Suite 105
Moorestown, New Jersey 08057
Telephone: (856) 914-9200
Facsimile: (856) 914-9420
pbarasch@schallandbarasch.com


**NICHOLS KASTER, PLLP**


/s/ *Rachhana T. Srey*
Rachhana T. Srey, MN Bar No. 340133*
Caroline E. Bressman, MN Bar No. 0400013*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
pfishman@nka.com

*\*Motion for Admission Pro Hac Vice forthcoming*

**Attorneys for Plaintiff, the Putative FLSA Collective, and the Putative Pennsylvania Rule 23 Class**

# EXHIBIT A

# AMERIHEALTH CARITAS
# PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, AmeriHealth Caritas Services, LLC and any other related entities or affiliates to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week for AmeriHealth Caritas as a Clinical Care Reviewer, Prior Authorization Nurse, Concurrent Review Nurse, or other similar position, and did not receive compensation for the overtime hours I worked.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against AmeriHealth Caritas and any other related entities or affiliates.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: 11/26/2021

Signature

Print Name: ANN M WOOD

**Information below will be redacted in filings with the court.  Please print or type.**

Address: [redacted]

City, State Zip: [redacted]

Best Phone Number(s): [redacted]

Email: [redacted]