IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANN WOOD, individually and on behalf of all others similarly situated | : : : | CIVIL ACTION |
| v. | : : | |
| AMERIHEALTH CARITAS SERVICES, LLC | : : | NO. 21-5258 |

## <u>ORDER GRANTING PRELIMINARY SETTLEMENT APPROVAL</u>

**AND NOW**, this 4th day of October, 2022, upon consideration of Plaintiff's Unopposed Motion for Preliminary Settlement Approval (Docket No. 79) and all documents filed in connection therewith, **IT IS HEREBY ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified an FLSA Collective of "All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) performing utilization reviews for AmeriHealth Caritas at any time since three years prior to the date of Notice who have not been paid overtime for work in excess of forty hours per week." (ECF No. 41.)

3.      Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court herby certifies the following Rule 23 State Law Settlement Class for the purposes of settlement only:

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) performing utilization reviews for AmeriHealth Caritas in Pennsylvania at any time from November 30, 2018  to the earlier of November 3, 2022 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs and who were not previous Settlement Class Members in Wood v. AmeriHealth Caritas Services, LLC, Case No. 2: 17-CV-03697; or

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) performing utilization reviews for

AmeriHealth Caritas in Pennsylvania at any time from December 1, 2019 to the earlier of November 3, 2022 or the date of preliminary approval and who are not already FLSA Opt-in Plaintiffs and who were previous Settlement Class Members in Wood v. AmeriHealth Caritas Services, LLC, Case No. 2: 17-CV-03697.

4.      The Court finds, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied, with the exception of the manageability requirement of Rule 23(b)(2), which the Court need not address for purposes of settlement.

5.      This Order, which certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the settlement.

6.      The Court **APPOINTS**, for settlement purposes only, the following individual as Class Representative: Ann Wood.

7.      The Court **APPOINTS**, for settlement purposes only, Nichols Kaster, PLLP as Class Counsel.

8.      The Court finds on a preliminary basis that the Settlement Agreement, along with the plan for distribution of notice, is fair, reasonable, and adequate, and is likely to obtain final approval following notice to the Settlement Class Members. Specifically, based on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, the Court finds that preliminary approval is warranted because the Class Representatives and Class Counsel have adequately represented the class, and the proposed settlement was negotiated at arms-length with the assistance of a well respected mediator.  The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal.  The Court also finds that the proposed method of distribution supports preliminary approval, because it takes into account the claimed individual damages of each Settlement Class Member, and because the proposed attorneys' fees, costs, and service payment are likely to be found reasonable. The Court finds that the Settlement

2

Agreement, provided to the Court for review, treats Settlement Class Members equitably relative to each other.

9.      The settlement notices attached as Exhibits 1 and 2 to the Settlement Agreement are **APPROVED**.

10.     The Court **APPOINTS** CPT Group, Inc. as Settlement Administrator and directs that notice be distributed pursuant to the notice plan set forth in the Settlement Agreement.

11.     Each FLSA Opt-in Plaintiff may reject in writing his/her individual settlement offer and request a withdrawal of their opt-in consent form through a written exclusion request, as described in the FLSA Notice. Each member of the Rule 23 State Law Settlement Class may provide a written request for exclusion, as described in the Rule 23 Notice. Any Participating Settlement Class member may object to the settlement by filing a written objection with the Court, with copies to Class Counsel and counsel for Defendant. All objections must be postmarked by no later than the Notice Response Deadline, as defined in the Settlement Agreement.

12.     Class Counsel shall file their motion for attorneys' fees, costs, and service payment on or before **January 25, 2023**.

13.     Class Counsel shall file their unopposed motion for final settlement approval on or before **January 25, 2023**.

14.     The Court will conduct a Final Approval Hearing on **February 21, 2023, at 11:00 a.m.** to determine the overall fairness of the settlement and the amount of attorneys' fees, costs, and service award.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.

3