IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANN WOOD, individually and on behalf of all others similarly situated | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| AMERIHEALTH CARITAS SERVICES, LLC | : | NO. 21-5258 |

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT**

**AND NOW**, this 22nd of February, 2023, upon consideration of Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement (Docket No. 82), and all documents filed in connection therewith, and after a hearing on February 21, 2023, **IT IS HEREBY ORDERED** that the Motion is **GRANTED** as follows:

1. Pursuant to 29 U.S.C. § 216(b), the Court previously conditionally certified an FLSA Collective of "All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) performing utilization reviews for AmeriHealth Caritas at any time since three years prior to the date of Notice who have not been paid overtime for work in excess of forty hours per week."  (Docket No. 41.)

2. Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court certified the following Rule 23 State Law Settlement Class for the purposes of settlement only:

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) performing utilization reviews for AmeriHealth Caritas in Pennsylvania at any time from November 30, 2018 to October 4, 2022 and who are not already FLSA Opt-in Plaintiffs and who were not previous Settlement Class Members in *Wood v. AmeriHealth Caritas Services, LLC*, Case No. 2: 17-CV-03697; or

> All persons who worked as Clinical Care Reviewers (also known as prior authorization or concurrent review nurses) performing utilization reviews for AmeriHealth Caritas in Pennsylvania at any time from December 1, 2019 to the

October 4, 2022 and who are not already FLSA Opt-in Plaintiffs and who were previous Settlement Class Members in *Wood v. AmeriHealth Caritas Services, LLC*, Case No. 2: 17-CV-03697.

3. The Court found, for settlement purposes only, that the requirements of Rule 23(a) and Rule 23(b)(3) were satisfied, with the exception of the manageability requirement of Rule 23(b)(3), which the Court need not address for purposes of settlement.

4. This Order, which certifies a class action for settlement purposes only, shall not be cited in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the settlement.

5. The Court has appointed, for settlement purposes only, Ann Wood as Class Representative.

6. The Court also appointed, for settlement purposes only, Nichols Kaster, PLLP as Class Counsel.

7. The Court now finds that the settlement in all respects is fair, reasonable, and adequate. The terms of the settlement are incorporated into this Order. Specifically, based on Plaintiffs' Unopposed Motion for Final Settlement Approval, the Court finds that final approval is warranted because the Class Representatives and Class Counsel have adequately represented the class and the proposed settlement was negotiated at arms-length with the assistance of a well-respected mediator. The Court further finds that the relief provided is fair and reasonable, taking into account the costs, risks, and delay of trial and appeal. The Court also finds that the method of distribution supports preliminary approval, because it took into account the individual damages of each Settlement Class Member. The Court further finds that the Agreement treats Settlement Class Members equitably relative to each other.

8. Each Participating Class Member (defined as all FLSA Opt-in Plaintiffs who filed and did not withdraw their consent to join forms and all members of the Rule 23 State Law Settlement Class who did not timely opt out of the settlement) will be bound by the releases set forth in the Settlement Agreement when they cash their settlement check. For Participating Class Members who do not cash their check: (a) FLSA Opt-in Plaintiffs will be bound by the full release,

and (b) Rule 23 State Law Class Members will be bound by the full release other than the FLSA release.

9. Participating Class Members who cash their check shall knowingly, voluntarily, and completely release Defendant and its past parents, subsidiaries, affiliates and joint venturers, and each of their directors, officers, employees, lawyers, and each of their successors and assigns ("Releasees") of all known and unknown claims for overtime compensation, straight time, minimum wages, liquidated damages, penalties and interest and attorneys' fees/costs under the FLSA and all state/local laws and regulations and common law theories of the states where Participating Class Member worked, including the Pennsylvania Wage Payment and Collective Law, arising from the Participating Settlement Class Member's employment with AmeriHealth Caritas as a Clinical Care Reviewer up to October 4, 2022.

10. The Court awards Class Counsel fees totaling thirty percent (30%) of the common fund, equaling $750,000.00. The Court further grants Class Counsel's request for costs in the amount of $10,287.51, finding the request consistent with the parties' Settlement Agreement and reasonable. The Court finds attorneys' fees totaling thirty percent (30%) of the common fund, equaling $750,000.00, reasonable and appropriate in consideration of: (1) the size of the fund and the number of persons benefitted; (2) the presence or absence of objections to the terms and/or fees requested; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted by counsel; and (7) awards in similar cases.

11. Class Counsel's request for approval of a $5,000 service payment for Named Plaintiff Wood is also consistent with the parties' Settlement Agreement. The amount requested is reasonable in light of the services provided and the risks incurred during the course of the litigation.

12. The Court orders compliance with the Settlement Agreement in all respects and reserves jurisdiction over all matters arising out of the settlement or the administration of the settlement.

13. This case is **DISMISSED** with prejudice, and **JUDGMENT IS ENTERED** consistent with the terms of the Settlement Agreement.

BY THE COURT:

/s/ John R. Padova, J.

JOHN R. PADOVA, J.